| | | |
|---|---|---|
| TWIST AERO, LLC, | : | Case No. 3:19-cv-337 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| B GSE GROUP, LLC, | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING MOTION TO STRIKE OBJECTIONS (DOC. 30); GRANTING CROSS-MOTION TO FILE OBJECTIONS ONE DAY OUT OF TIME (DOC. 31); ADOPTING, IN PART, REPORT AND RECOMMENDATIONS (DOC. 27); DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (WITHIN DOC. 17); AND, RECOMMITTING THE MATTER TO THE MAGISTRATE JUDGE REGARDING DEFENDANT'S ALTERNATIVE MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA (WITHIN DOC. 17)**

This case is before the Court on a few items. Defendant B GSE Group, LLC ("B GSE Group") filed a "Motion to Strike Plaintiff's Untimely Objections to Magistrate Judge's Report and Recommendations" (within Doc. 30) (the "Motion to Strike"). The Motion to Strike asks the Court to strike the "Objections to Magistrate's Report and Recommendations" (Doc. 29) (the "Objections") filed by Plaintiff Twist Aero, LLC ("Twist Aero"). Twist Aero filed a related "Cross-Motion to File Plaintiff Twist Aero, LLC's Objections to Magistrate's Report and Recommendations One Day Out of Time" (Doc. 31) (the "Cross-Motion"). The parties have briefed the Motion to Strike and Cross-Motion, and those motions are ripe for review. (*See* Docs. 30, 31, 32, 33.)

The Court **DENIES** the Motion to Strike (Doc. 30) and **GRANTS** the Cross-Motion (Doc. 31). The Court finds that Twist Aero failed to act because of excusable neglect and there is good

1

cause to allow an extension of time of one day for Twist Aero's filing of the Objections due to the particular circumstances presented. Fed. R. Civ. P. 6(b)(1)(B).

Also before the Court is Twist Aero's Objections (Doc. 29) to the Magistrate Judge's Report and Recommendations (Doc. 27) (the "Report"). B GSE Group filed a response to Twist Aero's Objections. (Doc. 30.) The Report makes a few recommendations: (1) B GSE Group's Motion for Judgment Dismissing Complaint For Lack of Jurisdiction (within Doc. 17) be denied; (2) B GSE Group's Alternative Motion to Transfer Venue to the U.S. District Court for the Western District of North Carolina (within Doc. 17) be granted; (3) the case be transferred to the U.S. District Court for the Western District of North Carolina, Charlotte Division; and (4) the case be terminated on the docket of this Court. (Doc. 27 at PAGEID # 334.)

Neither party objected to the Report's first recommendation, <u>i.e.</u>, that B GSE Group's Motion for Judgment Dismissing Complaint For Lack of Jurisdiction (within Doc. 17) be denied.[1] The Court has reviewed the Report and the record in this case. The Court **ADOPTS** the Report (Doc. 27) with respect to its analysis and recommendation concerning B GSE Group's Motion for Judgment Dismissing Complaint For Lack of Jurisdiction. Accordingly, the Court **DENIES** B GSE Group's Motion for Judgment Dismissing Complaint for Lack of Jurisdiction.

However, since the time that the Magistrate Judge issued the Report on April 22, 2020, B GSE Group filed a motion to stay in the North Carolina case referenced in the Report. (*See* Doc. 27 at PAGEID # 333-34; Doc. 29 at PAGEID # 336; Doc. 20 in Case No. 3:19-cv-583 pending in the Western District of North Carolina (motion to stay pending reexamination proceedings filed by B GSE Group on April 24, 2020).) The Court recommits the matter to Judge Ovington for

---

[1] Additionally, neither party objected to the Magistrate Judge's analysis that the U.S. District Court for the Western District of North Carolina could exercise original jurisdiction over the case, would have personal jurisdiction of B GSE Group, and would be a proper venue. (Doc. 27 at PAGEID # 332.)

further consideration of B GSE Group's Alternative Motion to Transfer Venue to the U.S. District Court for the Western District of North Carolina (Doc. 17) and to issue a supplemental report and recommendation concerning that motion in light of these circumstances and their impact, if any, on her analysis and recommendations concerning that motion. 28 U.S.C. § 636(b)(1) (upon receiving a magistrate judge's report and recommendations, among other things, a district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions"); *see also* Fed. R. Civ. P. 72.

Therefore, for the reasons set forth above, the Court rules as follows:

1. Defendant B GSE Group, LLC's Motion to Strike Plaintiff's Untimely Objections to Magistrate Judge's Report and Recommendation (Doc. 30) is **DENIED**.

2. Plaintiff Twist Aero, LLC's Cross-Motion to File Objections to Magistrate's Report and Recommendations One Day Out of Time (Doc. 31) is **GRANTED**.

3. The Report and Recommendations (Doc. 27) is **ADOPTED**, in part. Specifically, the Court adopts the Report and Recommendations except with respect to Section IV of its analysis concerning Defendant B GSE Group, LLC's Alternative Motion to Transfer Venue to the U.S. District Court for the Western District of North Carolina and its recommendations—items 2, 3, and 4 on PAGEID # 334—concerning that alternative motion.

4. Defendant B GSE Group, LLC's Motion for Judgment Dismissing Complaint for Lack of Jurisdiction (within Doc. 17) is **DENIED**.

5. The matter is recommitted to the Magistrate Judge for further consideration and to issue a supplemental report and recommendations concerning Defendant B GSE Group, LLC's Alternative Motion to Transfer Venue to the U.S. District Court for the Western District of North Carolina (within Doc. 17).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, June 16, 2020.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE