**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TWIST AERO, LLC, | : | Case No. 3:19-cv-00337 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| B_GSE GROUP, LLC, | : | |
| Defendant. | : | |

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]**

## I. Introduction

The undersigned Judicial Officer previously issued a Report and Recommendations concluding that Defendant B_GSE Group, LLC's Alternative Motion to Transfer Venue should be granted and venue of this case should be transferred to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). A factor that weighed heavily in favor of transferring venue of this case was the existence in North Carolina of an ongoing patent-infringement case, *Twist, Inc., et al., v. B_GSE Group, LLC*, Case No. 3:19cv00583 (W.D.N.C). *See* Doc. #27, *PageID* #333 (and citation therein).

Two days after the Report and Recommendation issued in this case, B_GSE filed a Motion to Stay in the patent-infringement case in North Carolina. *See* Doc. #29, *PageID*

---

[1]Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

#336.  The need to stay that case was warranted, according to B_GSE Group, because it had recently asked the U.S. Patent and Trademark Office to reexamine the patents at issue in the North Carolina litigation.  The outcome of those administrative proceedings created the possibility that the patent case in North Carolina would become moot.  This justified a stay of the case in North Carolina, in B_GSE Group's view.

Returning to the present case, Twist Aero filed Objections to the Report, challenging the conclusion that the transfer of venue was warranted under § 1404(a).  (Doc. #29).  Defendant B_GSE Group disagreed and renewed its Alternative Motion to Transfer Venue.  (Doc. #30).

Facing the parties' disagreement over venue of the present case, and knowing that Defendant did not seek a stay of the patent case in North Carolina until after the Report and Recommendations issued, U.S. District Judge Rose recommitted the venue issue to the undersigned Judicial Officer for a Supplemental Report and Recommendation.

On October 19, 2020, a U.S. Magistrate Judge in North Carolina denied without prejudice B_GSE Group's Motion to Stay the patent case pending there.  *See* Doc. #31, *Twist, Inc., et al., v. B_GSE Group, LLC*, Case No. 3:19cv00583 (W.D.N.C).

**II.**    **The Previous Report and Recommendations**

The parties agree that the venue statute, 28 U.S.C. § 1404(a), applies and provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The parties do not dispute that Defendant B_GSE Group, the moving party, bears the burden of demonstrating that a change of venue is warranted.  *See Centerville ALF,*

2

Case 3:20-cv-00628-RJC-DSC     Document 38     Filed 10/20/20     Page 2 of 9

*Inc. v. Balanced Care Corp,* 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002) (Rice, Chief DJ) (and cases cited therein); *see also Pearle Vision, Inc. v. N.J. Eyes, Inc.,* 1:08cv00190, 2009 WL 73727 at *8 (S.D. Ohio 2009) (Dlott, Chief J.).

The previously issued Report Recommendations concluded that Twist Aero could have brought the present case in the U.S. District Court for the Western District of North Carolina because the District Court there would have subject matter jurisdiction over Twist Aero's federal claims and personal jurisdiction over B_GSE Group. *See* Doc. #27, *PageID* #s 331-32. Venue would have been proper there also. *Id.*

The § 1404(a) issue now stands—as it stood at the time of the Report and Recommendations—on whether convenience and the interests of justice support a transfer of venue to North Carolina under § 1404(a). A garden full of factors apply:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991). Once a court analyses these factors, exercise of the Court's discretion to transfer is proper if fairness and practicality strongly favor the forum to which transfer is sought. *Mead Data Central Inc. v. West Pub. Co.*, 679 F. Supp. 1455, 1457 (S.D. Ohio 1987).

*Prime Time Marketing Management, Inc. v. DirectBuy, Inc*., 3:07cv00387, 2008 WL 11452553, at *2 (S.D. Ohio 2008) (Rose, D.J.); *see Stehle*, 2020 WL 127707, at *9; *see* Doc. #27, *PageID* #s 332-33.

The Report analyzed these factors as follows:

Twist Aero's choice of forum in the Southern District of Ohio is a factor strongly favoring maintaining venue here. "'[U]nless the balance is

3
Case 3:20-cv-00628-RJC-DSC    Document 38    Filed 10/20/20    Page 3 of 9

strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citation omitted). However, the patent case Twist, Inc. chose to file in North Carolina pulls venue like gravity towards that location. *See Nationwide Affordable Hous'g Fund 4, LLC v. Urban 8 Danville Corp.*, 1:19cv1848, 2019 WL 5802532, at *4 (S.D. Ohio 2019) (Morrison, DJ) (similar cases pending in another district "weighs heavily in favor of transfer."). The allegedly infringing product in the patent case, Defendant's COOL JET PCAir Hose Retriever, is at issue in the instant case and forms the basis of at least some of Twist Aero's false advertising claims. *See* Doc #1, *PageID* #6, ¶s 37-38 and Exhibits 2, 5, 6-7. The convenience to the parties favors locating the present case in North Carolina where the parties are already involved in litigation. As to the convenience of the witnesses, it is likely true that at least some of Twist Aero's witnesses will be needed in the case in North Carolina. This factor therefore favors North Carolina where Defendant's witnesses will likewise appear in the patent case pending there.

The cost of obtaining willing witnesses favors North Carolina due to the presence of Defendant's witnesses there and the fact that Twist Aero's witnesses in Ohio will likely be willing to appear in North Carolina without compulsion. One of Twist Aero's attorneys [is] also involved as "of counsel" in the North Carolina case. This together with transferring venue of this case to North Carolina makes [it] more likely that both cases can be efficiently resolved by simultaneous mediation and settlement in North Carolina.

Accordingly, for the above reasons, the balance of factors strongly favors a transfer of venue of this case to the Western District of North Carolina and, consequently, the transfer is warranted under § 1404(a) by convenience, economy, judicial efficiency, and in the interest of justice.

(Doc. #27, *PageID* #s 333-34).

### III. Discussion

Twist Aero objects to the Report and Recommendations and insists that venue of this case should remain in Ohio. Twist Aero argues that the Report misconstrued B_GSE's primary legal authority in favor of the transfer: *Nationwide Affordable Hous'g Fund 4, LLC v. Urban 8 Danville Corp.*, 1:19cv 1848, 2019 WL 5802532, at *4 (S.D.

4

Case 3:20-cv-00628-RJC-DSC     Document 38     Filed 10/20/20     Page 4 of 9

Ohio 2019). In *Nationwide*, U.S. District Judge Sarah Morrison transferred venue of a case from the Southern District of Ohio to Illinois where two similar cases were pending. Twist Aero points out that the Illinois cases in *Nationwide* involved the same parties and claims—a degree of similarity Twist Aero finds lacking between the instant case and the patent case in North Carolina. Twist Aero argues that this and the other considerations that persuaded the Judge Morrison to transfer the *Nationwide* case to Illinois do not exist in the instant case. Thus, according to Twist Aero, it was error for the Report to rely on *Nationwide* as primary legal support for transferring venue of the present case to the Western Division of North Carolina.

The Report, however, did not so heavily rely on *Nationwide*. The Report did not delve into a comparative discussion of the facts and circumstances in Nationwide and did not reason that the facts and circumstances at issue *Nationwide* match up so squarely with the present case that a transfer of venue was warranted. The Report instead cited *Nationwide* as support for the observation that "the patent case Twist, Inc. chose to file in North Carolina pulls venue like gravity towards that location." (Doc. #27, *PageID #* 333). This observation followed from the general proposition drawn from *Nationwide*— and noted parenthetically in the Report—that "similar cases pending in another district 'weigh[] heavily in favor of transfer.'" *Id*. (quoting, in part, *Nationwide*, 2019 WL 5802532, at *4). It is doubtful, moreover, that any single comparative case would be identical enough to the present case to mandate (or stymie) a transfer of venue under § 1404(a), given the garden full of factors that apply and the district court's "wide discretion in deciding motions to transfer." *Zimmer Enters., Inc. v. Atlandia Imports,*

*Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio Mar. 13, 2007) (Rose, J.).

Twist Aero further contends that *Nationwide* does not support a transfer of venue because—unlike the cases in *Nationwide*—the present case and the patent case in North Carolina do not involve the same parties and the same claims. Plaintiff Twist Aero, Inc. differs in name from the plaintiffs in the North Carolina Twist, Inc. and Boom Air, LLC. But counsel for B_GSE explains:

> Twist, Inc. and Boom Air, LLC are related Ohio corporations having the same principal place of business as Twist [Aero, Inc.] at 47 South Limestone Street, in Jamestown, Greene County, Ohio, with the same corporate counsel, Jonas Gruenberg. The three companies have inter-related functions. While Twist, Inc. and Boom Air, LLC allegedly hold the patents and supply the referenced hose management system, according to the North Carolina Complaint, Twist "sells a hose management system implementing technology covered by . . . patent[s] . . . under the registered trademark[s]."

(Doc. #30, *PageID* #s 485-86) (footnote and citations omitted). Although Twist Aero maintains that the instant case does not involve the same parties involved in the North Carolina case (with the exception of B_GSE Group), *see* Doc. #29, *PageID* #345, Twist Aero does not argue against the above description by B_GSE Group concerning the connections between Twist Aero; Twist, Inc.; and Boom Air, LLC. The above description is therefore sufficient to support the conclusion (at this stage of the case) that the parties are essentially the same or, at least, interrelated to the parties in the patent-infringement case in North Carolina. And, as a result, Twist Aero's effort to distinguish *Nationwide* on this basis lacks merit.

Twist Aero more convincingly points out that it does not hold the patents at issue in the case in North Carolina and that the infringement issues in the patent case do not

overlap with its claims in the present case of false advertising, unfair competition, and breach of contract. This is surely accurate but there is factual overlap in the product at issue in both cases: the COOL JET PCAir Hose Retriever. Given this overlap, together with the similarity of parties in both cases, it is more likely that both cases can be efficiently resolved, even if they are not consolidated, by simultaneous mediation and settlement in North Carolina. And even if the cases do not settle in North Carolina, judicial economy and efficiency will be served by having a single U.S. District Judge with in-depth knowledge gained in the patent case of the products at issue oversee both cases.

As to the possibility that the case in North Carolina might be stayed pending the administrative proceedings in the U.S. Office of Patents and Trademarks, this possibility will not require the District Court in North Carolina to stay the instant case and will not preclude mediation and settlement of both cases in North Carolina.

In sum, Twist Aero's choice of forum in the Southern District of Ohio is a factor strongly favoring maintaining venue here. Yet, for the reasons stated here and in the previous Report (Doc. #27, *PageID* #s 332-34), the balance of factors strongly favors B_GSE Group and a transfer of venue of the instant case to North Carolina pursuant to § 1404(a).

Accordingly, B_GSE Group's Alternative Motion to Transfer Venue is well taken.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant B_GSE Group LLC's Alternative Motion to Transfer Venue to the U.S. District Court for the Western District of North Carolina (Doc. #17) be GRANTED;

2. The Clerk of Court be directed to transfer this case to the U.S. District Court for the Western District of North Carolina, Charlotte Division; and

3. The case be terminated on the docket of this Court.

April 14, 2020 *s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).